United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GEORGE TSOURDINIS, on behalf of himself and all others similarly situated,

Plaintiff,

v.

GOOGLE LLC,

Defendant.

Case No. 26-cv-01770-BLF

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION WITHOUT PREJUDICE; AND DEFERRING RULING ON MOTION TO DISMISS PENDING RESOLUTION OF RENEWED MOTION TO COMPEL ARBITRATION**

[Re: ECF 21]

This putative class action arises from Defendant Google LLC's decision to disable the WiFi-enabled "smart" features of first and second generation Nest Learning Thermostats. *See* First Amended Compl. ("FAC") ¶ 1, ECF 19. According to Plaintiff George Tsourdinis, Google "bricked" the first and second generation of the Nest thermostats in order to coerce consumers into buying newer versions of the same product. *See id*. ¶ 2. Tsourdinis seeks to represent a nationwide class of persons who purchased first or second generation Nest thermostats as well as an Illinois subclass of consumers. *See id*. ¶ 54. The operative FAC alleges that Google's conduct violated California and Illinois state consumer laws and the federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq*.

Google moves to compel arbitration of all claims in the FAC pursuant to an arbitration provision contained in the 2018 updated version of Nest's Terms of Service. In the alternative, Google moves to dismiss all claims in the FAC under Federal Rule of Civil Procedure 12(b)(6). Tsourdinis opposes both the motion to compel arbitration and the motion to dismiss.

United States District Court
Northern District of California

For the reasons stated on the record at the hearing on August 27, 2026 and summarized below, Google's motion to compel arbitration is DENIED WITHOUT PREJUDICE to the filing of a renewed motion to compel arbitration. The Court advised the parties that in the event Google's renewed motion to compel arbitration is denied, the motion to dismiss will be granted with leave to amend based on pleading defects that the Court discussed at length with Tsourdinis' counsel at the hearing. The Court highlights a number of those defects herein, but its ruling on Google's motion to dismiss necessarily is DEFERRED pending resolution of the arbitration issue.

## I. MOTION TO COMPEL ARBITRATION

### A. Legal Standard

"The Federal Arbitration Act (FAA) requires courts to compel arbitration of claims covered by an enforceable arbitration agreement." *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 509-10 (9th Cir. 2023) (internal quotation marks and citation omitted). "The FAA limits the courts' role to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue." *Id.* at 510 (internal quotation marks and citation omitted).

The party seeking to compel arbitration "bears the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence." *Godun v. JustAnswer LLC*, 135 F.4th 699, 708 (9th Cir. 2025). "In determining whether the parties have agreed to arbitrate a particular dispute, federal courts apply state-law principles of contract formation." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022). It is unclear which state's legal principles govern this suit, which was brought in a California forum by an Illinois resident asserting claims under both California and Illinois law. The Court need not resolve that issue, however, because the laws of the two jurisdictions are substantially similar with respect to contract formation. *See BHS L. LLP v. BMO Bank N.A.*, No. 25-CV-10368-NC, 2026 WL 381814, at *5 (N.D. Cal. Feb. 11, 2026) ("California's and Illinois's laws are substantively similar with respect to contract formation."). Under those circumstances, the Court may simply apply California law. *See Eiess v. USAA Fed. Sav. Bank*, 404 F. Supp. 3d 1240, 1251 (N.D. Cal. 2019) (applying California law where no material difference between California law and Texas law).

United States District Court
Northern District of California

Under California law, "the parties must manifest their mutual assent to the terms of the agreement." *Berman*, 30 F.4th at 855. Parties may manifest their assent expressly or through conduct. *See id*. In the online context, a user who lacks actual notice of a website's terms of service nonetheless may be bound under the "inquiry theory" of contract formation so long as "(1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests [his] assent to those terms." *Id*. at 856 (applying California law). In determining whether notice is reasonably conspicuous, courts must consider both "the context of the transaction" as well as the "traditional inquiry related to the visuals involved with the notice, such as font size, text placement, and overall screen design." *See Chabolla v. ClassPass Inc.*, 129 F.4th 1147, 1154 (9th Cir. 2025) (internal quotation marks and citation omitted).

**B. Google has not Proved the Existence of an Agreement to Arbitrate**

Under the legal standard set forth above, Google bears the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence. In its motion, Google attempted to meet that burden through the declaration of its employee Brian Mendonca. *See* Mendonca Decl., ECF 21-1. Mr. Mendonca states in relevant part as follows: Tsourdinis acquired his first generation Nest thermostat before Google acquired Nest in 2014; Nest updated its Terms of Service in 2018 ("Nest's 2018 TOS"); and Nest's 2018 TOS "include a prominently-displayed arbitration provision." *Id*. ¶¶ 7-12. Mr. Mendonca offers the conclusory statement that, "According to Google's business records, Plaintiff Tsourdinis accepted the 2018 Nest Terms on May 24, 2018." Mendonca Decl. ¶ 10.

Mr. Mendonca does not provide any factual basis for his conclusion that Tsourdinis accepted Nest's 2018 TOS. He does not attach screen shots of the images Tsourdinis saw on his phone or computer screen when he allegedly assented. Moreover, Mr. Mendonca does not explain *how* Tsourdinis assented to Nest's 2018 TOS, for example, by clicking a button saying "I agree" or engaging in other conduct signaling assent. Without any factual basis for Mr. Mendonca's conclusion that Tsourdini's accepted Nest's 2018 TOS, including the arbitration provision contained therein, Mr. Mendonca's declaration is insufficient to establish the existence of an

agreement to arbitrate by the required preponderance of the evidence.

After Tsourdinis pointed out the inadequacy of Mr. Mendonca's declaration, Google attempted to shore up its motion to compel arbitration by submitting new evidence with its reply. Google's reply evidence includes the declaration of Franklin Trujillo, who describes a new screen that appeared in the Nest App after the update to Nest's TOS in 2018. *See* Trujillo Decl. ¶ 6, ECF 34-1. Mr. Trujillo walks through the process by which Tsourdinis would have been presented with the updated TOS and an "I agree" button. *Id*. Mr. Trujillo also states that all Nest users were emailed a link to Nest's 2018 TOS. *See id*. ¶ 5 & Ex. 1.

Tsoudinis' objection to Google's new reply evidence is SUSTAINED. The Court will not consider material submitted for the first time on reply. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). The Court observes that even if Mr. Trujillo's declaration were considered, it is not at all clear that it would be sufficient to show an agreement to arbitrate. Without seeing a visual depiction of the app, the link to the TOS, and the "I agree" button, the Court is not inclined to accept Mr. Trujillo's characterization of the appearance of the Nest App. Moreover, the email sent to Nest users with the link to the 2018 TOS discussed the fact that "Privacy laws in the European Union are changing as of May 25, 2018." Trujillo Decl. Ex. 1. Nothing in that email would have alerted a user that the new TOS referenced in that email might bind the user to arbitration.

Because Google has failed to establish the existence of an agreement to arbitrate by a preponderance of the evidence, its motion to compel arbitration is DENIED. This ruling is without prejudice to a renewed motion to compel arbitration supported by an adequate record.

At the hearing, both sides discussed potentially relevant terms of service other than Nest's 2018 TOS, some of which were not raised in the briefing but instead were brought to the Court's attention for the first time through oral argument. The Court expects that any renewed motion to compel arbitration will encompass all relevant terms of service or other documents that may have bearing on the existence of an agreement to arbitrate. To that end, the Court indicated at the hearing that it would permit arbitration-related discovery before the parties engage in a second round of briefing on arbitration. The Court directed counsel to meet and confer, and to file by

September 11, 2026 a proposed plan for limited discovery and a proposed briefing schedule on a renewed motion to compel arbitration. The parties have done so.

## II. MOTION TO DISMISS

### A. Legal Standard

Dismissal of a complaint is appropriate under Federal Rule of Civil Procedure 12(b)(6) "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). The court must "take all allegations of fact as true and construe them in the light most favorable to the nonmoving party." *Id*. The court may consider the complaint in its entirety, documents incorporated into the complaint by reference, and matters that are subject to judicial notice. *See Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016).

### B. The FAC is Subject to Dismissal

Tsourdinis alleges that he is a citizen and resident of Illinois and that he purchased a first generation Nest thermostat from third-part retailer Home Depot in 2011. *See* FAC ¶ 15. He asserts that Google marketed its first and second generation Nest thermostats as able to connect to an app allowing users to set their home temperature and other settings remotely. *See id*. ¶ 18. According to Tsourdinis, "Google 'bricked' the first and second generation of its NLT device by stripping the devices of functionality as remotely controllable thermostats" before they had reached the end of their useful life. *Id*. ¶ 2. Tsourdinis alleges seven claims against Google on behalf of himself, a putative nationwide class, and a putative Illinois subclass: (1) breach of contract; (2) violation of Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq*.; (3) violation of the Unfair Prong of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*.; (4) violation of the Fraudulent Prong of California's UCL; (5) violation of the Unlawful Prong of California's UCL; (6) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770, *et seq*.; and (7) violation of the federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, *et seq*.

At the hearing, the Court pointed out that the FAC is devoid of allegations regarding any statements that were made to Tsourdinis at the time of purchase regarding indefinite connectivity

United States District Court
Northern District of California

to the app. The FAC references advertisements and a blog post, which appear to have been viewed by Tsourdinis *after* he made his purchase, and in any event are not specific enough to give rise to a claim for breach of contract or unfair business practices. *See* FAC ¶¶ 18-19. The FAC references marketing statements on the box containing the first generation Nest thermostat purchased by Tsourdinis. *See id.* ¶¶ 47-49. However, the FAC depicts the box of a second generation Nest thermostat. *See id.* ¶ 18. To the extent Tsourdinis suggests that the first generation box he viewed when he purchased his Nest thermostat was substantially similar to the second generation box depicted in the FAC, he has not alleged any factual basis to support that suggestion. Those pleading defects undermine all of the state law claims for breach of contract and violation of consumer protection statutes. *See Shipley v. Meta Platforms, Inc.*, No. 25-CV-03324-WHO, 2026 WL 2097318, at *4-55 (N.D. Cal. July 16, 2026) (dismissing contract, UCL, CLRA, and ICFA claims for failure to identify an actionable contract, misrepresentation, or omission).

With respect to the claim for violation of the CFAA, the Court expressed grave reservations at the hearing that Google's decision to disable the Nest app for first and second generation thermostats could give rise to a viable claim. "The CFAA prohibits a number of different computer crimes, the majority of which involve accessing computers without authorization or in excess of authorization, and then taking specified forbidden actions, ranging from obtaining information to damaging a computer or computer data." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1131 (9th Cir. 2009). Tsourdinis characterizes his Nest thermostat as a "protected computer" under the CFAA, but he has not plausibly alleged that Google accessed his Nest thermostat. *See* FAC ¶¶ 136-39. To the extent that Tsourdinis complains that Google unpaired its app from first and second generation Nest thermostats, Tsourdinis has not plausibly alleged that Google lacked authority to do so.

Although the Court indicated at the hearing that the FAC is subject to dismissal with leave to amend, any ruling on the motion to dismiss necessarily is DEFERRED pending resolution of the arbitration issue. The Court will terminate the motion to dismiss with the understanding that the FAC will be dismissed with leave to amend if arbitration is denied.

United States District Court
Northern District of California

## III. ORDER

(1) Google's motion to compel arbitration is DENIED WITHOUT PREJUDICE.

(2) A ruling on Google's motion to dismiss is DEFERRED pending resolution of the arbitration issue. The motion is TERMINATED with the understanding that the FAC will be dismissed with leave to amend if Google's renewed motion to compel arbitration is denied.

(3) This order terminates ECF 21.

Dated: September 11, 2026

BETH LABSON FREEMAN
United States District Judge